# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1971 | **DATE** | 8/9/2002 |
| **CASE TITLE** | Dorothy Townsend vs. Joanne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [30-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | AUG 1 2 2002 date docketed | 34 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/9/2002 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 12 2002

| | |
|---|---|
| DOROTHY TOWNSEND, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 99 C 1971 |
| JOANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) Hon. Mag. Michael T. Mason |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Dorothy Townsend, was denied benefits under the Social Security Act by Joanne Barnhart, the Commissioner of Social Security. On January 23, 2002, the Seventh Circuit Court of Appeals vacated that judgment and remanded the case back to the Social Security Administration for further proceedings. Plaintiff has now filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As we explain below, we deny Ms. Townsend's application for attorney's fees.

Under the EAJA, a court shall award to a prevailing party other than the government, attorney's fees and expenses, unless the court finds that the position of the Commissioner was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Townsend is a prevailing party because her case was disposed of pursuant to sentence four of 42 U.S.C. 405 (g). *See Shalala v. Schaefer*, 509 U.S. 292, 296-7 (1993). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F. 3d 1033, 1036 (7th Cir. 1994) *cited in Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986 (N.D. Ill., Nov. 1, 2001) (citations omitted). Demonstrating substantial justification requires that the government show "that its position was grounded in 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory

34

propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.,* 200 F. 3d 1076, 10809 (7th Cir. 2000) citing *Phil Smidt & Son, Inc. v. NLRB,* 810 F. 2d 638, 642 (7th Cir. 1987), internal citations omitted.

Under the EAJA, the government bears the burden of proving that its position was substantially justified. *Cummings v. Sullivan,* 950 F. 2d 492, 495 (7th Cir. 1991). The question of the government's "substantial justification" is reviewed on appeal under the deferential abuse of discretion standard.

The facts underlying the plaintiff's complaint are set out in the opinion of the Seventh Circuit, No. 01 C 2336, 2002 U.S.App. LEXIS 1018 (7th Cir., January 23, 2002), and thus will only be briefly mentioned here. The plaintiff sought relief from the Commissioner's denial of disability insurance benefits ("DIB") in federal district court, arguing that the ALJ and Commissioner unreasonably determined that she did not have any problems rotating her neck or with neck pain, which would prevent her from working. On July 13, 2000, Magistrate Judge Rosemond affirmed the Commissioner's decision, finding that substantial evidence supported the ALJ's denial of benefits. The judge also denied Ms. Townsend's motion to reconsider. The plaintiff filed a timely appeal, and on January 23, 2002, the Court of Appeals for the Seventh Circuit reversed the judgment and remanded the case to the Commissioner for further proceedings.

In its opinion, the Seventh Circuit stated that there was insufficient articulation, explanation and analysis of the evidence by the ALJ to affirm the Commissioner's decision. Specifically, the ALJ failed to explain why he found Ms. Townsend's testimony about pain to be inconsistent with the medical evidence and with her description of her daily activities. The ALJ similarly failed to minimally articulate why he credited certain doctors' testimony over others, especially with regards to the conflicting evidence of whether plaintiff suffered from a herniated disk. Finally, the ALJ failed to address Ms. Townsend's three failed

2

attempts to return to work when he determined that she was able to perform her past work as a circuit board assembler.

The Commissioner argues that its litigation position in the underlying action was substantially justified, so we should reject the plaintiff's application for attorney's fees. *See* 28 U.S.C. § 2412(d). The Commissioner further argues that if this Court should find that fees are appropriate, that those fees should be lowered because the plaintiff failed to show that the fee request was reasonable.

The plaintiff argues that because she overcame the difficult standard of proving there was not substantial evidence to support the ALJ's decision, this Court should find that the Commissioner's position was not substantially justified. Although the plaintiff recognizes that the question of substantial justification at the EAJA stage is distinct from that of whether the ALJ's decision was supported by substantial evidence (the "merits standard"), see *Cummings,* 950 F. 2d at 498, she argues that the standards are so similar that in determining whether there is substantial justification, the court's merits reasoning may in fact be quite relevant. "In some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified." *F.J. Vollmer Co., Inc. v. Magaw,* 102 F. 3d 591, 595 (D.C. Cir. 1996); *See United States v. One Parcel of Real Property,* 960 F. 2d 200, 209 (1st Cir. 1992).

While the Seventh Circuit's merits reasoning may in fact be relevant to this decision, a district court at the EAJA stage must look at the case from a fresh perspective and reach a judgment separate from its merits decision. *Federal Election Commission v. Rose,* 806 F. 2d 1081, 1087-90 (D.C. Cir. 1986). The government's position, although ultimately rejected, can have a reasonable basis in law and fact, and therefore be substantially justified. *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The *Underwood* court expressly noted that the losing party in an EAJA case may have taken a substantially justified

position. *Id.* at 569.

In this case, the Commissioner's arguments – although ultimately unsuccessful on the merits – were substantially justified. The major reason for remand by the Seventh Circuit was the ALJ's lack of analysis and explanation in deeming Ms. Townsend's testimony insufficient and in crediting certain doctors' opinions over others. The evidence in the case was conflicting. That is, some doctors (including a treating neurologist) found that Ms. Townsend was able to return to work, while other doctors were less certain. Another of Ms. Townsend's treating physicians (Dr. Jacob), found that she did not have a herniated disk, although an MRI indicated the existence of such an impairment. Although Ms. Townsend testified that she could not work because of constant neck pain, she performed gardening work "a little at a time" and sometimes took care of her one-year-old grand-daughter. Thus, even though the Seventh Circuit ultimately determined that the ALJ did not minimally articulate the reasoning behind his conclusions, we find that there was enough evidence that conflicted with the plaintiff's position for the Commissioner to be able to justifiably rely on it and argue that the plaintiff was not entitled to benefits. The fact that the ALJ may not have explained his analysis of the evidence sufficiently to support his position does not alter the fact that the evidence was strong enough for the Commissioner to reasonably rely on it.

Therefore, the plaintiff's petition for an award of attorney's fees and costs pursuant to the Equal Justice Act is denied. It is so ordered.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: August 9, 2002**

4